(No. 86204.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. RONALD R. ALVINE, Appellant.

*Opinion filed August 10, 2000.—Rehearing denied October 2, 2000.*

MILLER, J., joined by HEIPLE, J., dissenting.

Charles Schiedel, Deputy Defender, and Charles W. Hoffman, Assistant Defender, of the Office of the State Appellate Defender, of Chicago, for appellant.

James E. Ryan, Attorney General, of Springfield, and Joseph Birkett, State's Attorney, of Wheaton (Joel Bertocchi, Solicitor General, and William Browers and Kendall R. Mills, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE RATHJE delivered the opinion of the court:

Defendant, Ronald R. Alvine, struck and killed a police officer while attempting to steal a car. A jury convicted him of both knowing murder (720 ILCS 5/9—1(a)(2) (West 1998)) and felony murder (720 ILCS 5/9—

1(a)(3) (West 1998)). Defendant waived a jury for sentencing, and the trial court sentenced him to death for knowing murder. Defendant was not sentenced on the felony-murder count. On appeal, this court reversed defendant's knowing murder conviction, vacated defendant's death sentence, and remanded the cause to the trial court. *People v. Alvine*, 173 Ill. 2d 273 (1996) (*Alvine I*). This court also held that defendant "may be sentenced on the felony murder count." *Alvine I*, 173 Ill. 2d at 298.

On remand, the State declined to retry defendant for knowing murder and instead moved to impose the death penalty on the felony-murder count. Over defendant's objection, the trial court summarily sentenced defendant to death for felony murder without holding a sentencing hearing.

Defendant appeals, arguing that (1) he was entitled to a new sentencing hearing on remand; (2) the trial court did not make a sufficient mental state finding to support death penalty eligibility; (3) the State failed to establish defendant's fitness for sentencing; (4) the trial court erroneously excluded evidence from the sentencing hearing; (5) the State elicited improper evidence at sentencing; (6) the trial court failed to consider all evidence in mitigation; and (7) the Illinois death penalty statute is unconstitutional.

We need only address whether defendant was entitled to a new sentencing hearing on remand. We hold that he was. In *Alvine I*, this court vacated defendant's death sentence and instructed the trial court that, on remand, defendant could be sentenced on the felony-murder conviction for which he had not yet received a sentence. *Alvine I*, 173 Ill. 2d at 298. Admittedly, this court's holding could have stated more explicitly that a new sentencing hearing was a mandatory prerequisite to the imposition of a sentence. Nevertheless, when this court remanded the cause and said that the trial court "may

sentence defendant on the felony murder count," it clearly contemplated that defendant would receive the sentencing hearing to which he was entitled under section 9—1(d) of the Criminal Code of 1961 (720 ILCS 5/9—1(d) (West 1998)) before receiving a sentence on the felony-murder count for the ·first time. What this court clearly did not contemplate when it vacated defendant's death sentence and remanded the cause was that the trial court would interpret that holding as allowing it to summarily impose the death penalty on defendant on a count for which he had never been sentenced. The trial court's sentencing of defendant without a hearing therefore was contrary to this court's mandate in *Alvine I.*

Accordingly, we vacate defendant's death sentence and remand this cause to the trial court for a new sentencing hearing, at which the State may seek the imposition of the death penalty.

*Vacated and remanded.*

JUSTICE MILLER, dissenting:

Unlike the majority, I do not believe that the trial judge was required to conduct a new sentencing hearing after this court reversed one of the defendant's convictions for first degree murder and the State decided not to retry the defendant on that count. Accordingly, I dissent.

In the defendant's prior appeal, this court determined that the defendant's conviction on count I, for first degree murder, required reversal because of error in the jury instructions used at trial. We remanded the cause to the circuit court, providing the State with the options of either retrying the defendant on count I or seeking imposition of a sentence on the remaining first degree murder count, count II. Our opinion did not specify whether or not a new sentencing hearing would be required if the State did not seek a new trial on the reversed conviction.

I believe that the trial judge acted properly in

sentencing the defendant on count II without holding a new sentencing hearing, after the State decided not to retry the defendant on count I. The defendant had previously waived a jury for capital sentencing purposes, and the same judge had presided at the defendant's sentencing hearing. On remand, the judge concluded that the death sentence should again be imposed, notwithstanding the reversal of the defendant's other conviction for first degree murder. In his brief, the defendant allows that this court, if it believed that the death sentence was not affected by the reversal of the conviction on count I, could have simply amended the *mittimus* to reflect that the death sentence was being imposed on count II. Nothing in our earlier decision, remanding the cause to the circuit court, precluded the trial judge from also determining that a new hearing was unnecessary in the circumstances shown here. For these reasons, I do not believe that the trial judge was required to hold a new sentencing hearing in this case, and I would therefore address the remaining issues raised by the defendant in the present appeal.

JUSTICE HEIPLE joins in this dissent.